## MESERVE *vs.* ELWELL, & UX.

If the defendant appeal from a judgment of the Court of Common Pleas in any of the cases mentioned in *Stat.* 1822, *ch.* 193, *sec.* 4, and suffer judgment in this Court by default, he must pay double costs, the debt or damages recovered in the Court below not being reduced.

IN *assumpsit* on a promissory note, the *ad damnum* in the writ was laid at 300 dollars, and a verdict being returned for the plaintiff, and judgment thereon in the Court below for more than a hundred dollars, the defendant appealed to this Court and entered his appeal, but afterwards was defaulted.

*Orr,* for the plaintiff, at the last term moved for the taxation of double costs since the appeal, pursuant to *Stat.* 1822, *ch.* 193, *sec.* 4, which was opposed by *Fessenden & Deblois* for the defendants.

PER CURIAM. The object of the statute was to confine to the Court of Common Pleas the decision of all cases where the value in dispute did not exceed a hundred dollars. This value is ultimately ascertained by the verdict. *Apparent* jurisdiction may be given to this Court by laying the *ad damnum* at more than a hundred

dollars, in which case either party may appeal. But if the plaintiff appeals, and in this Court recovers less than that sum, it is thereby manifest that the final jurisdiction of the cause belonged to the Common Pleas; and the plaintiff who has drawn it from that jurisdiction is amerced in costs. And if the defendant appeals, and does not reduce the verdict, he also is punished by double costs for unreasonably delaying the plaintiff. This delay is as injurious to the plaintiff where the defendant is defaulted in this Court, as where judgment is rendered upon verdict; and the present case being within the rule, he is liable to double costs since the appeal.